UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EXELTIS USA INC., <br> Plaintiff, <br> v. <br> FIRST DATABANK, INC., <br> Defendant. | Case No. 17-cv-04810-HSG <br><br> **ORDER DENYING MOTION TO STAY PROCEEDINGS AND SETTING FURTHER CASE MANAGEMENT CONFERENCE** <br><br> Re: Dkt. No. 66 |

Defendant First Databank, Inc. ("First Databank") moves to stay all proceedings in this matter, on two alternative grounds. First, First Databank argues that its pending appeal of the Court's order denying its motion to strike under the California Anti-SLAPP statute has divested the Court of jurisdiction to proceed as to any of Plaintiff's claims. Dkt. No. 66 ("Motion") at 1. Second, First Databank contends that even if the Court retains jurisdiction, a stay is warranted on prudential grounds. *Id.* Plaintiff Exeltis USA, Inc. ("Exeltis") opposes the motion. Dkt. No. 67 ("Opposition"). The Court DENIES First Databank's motion to stay for the reasons set forth below.

## I. BACKGROUND

The Court discussed the factual and legal background of this case in detail in its December 21, 2017 order resolving three motions brought by the parties, and will not repeat that discussion here. *See* Dkt. No. 57 at 1-5. Exeltis's complaint asserts claims against First Databank for violations of the Lanham Act, 15 U.S.C. § 1125(a)(1); California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200 *et seq.*; and California's False Advertising Law ("FAL"), Cal. Bus. & Prof. Code §§ 17500 *et seq.*; as well as claims under California common law for intentional interference with prospective economic advantage and trade libel. *See* Compl. ¶¶ 77–118. In its order, the Court (1) denied Exeltis's motion for a preliminary injunction; (2)

denied First Databank's Rule 12(b)(6) motion to dismiss all claims in the complaint, including the Lanham Act claim; and (3) denied First Databank's special motion to strike Exeltis's state law claims under the California Anti-SLAPP statute (California Code of Civil Procedure §425.16). Dkt. No. 57.

On January 2, 2018, First Databank filed a notice of appeal from the portion of the order denying its special motion to strike. Dkt. No. 58. At a case management conference on January 10, 2018, and in its case management statement, First Databank argued that this case should be stayed in light of the appeal, on either jurisdictional or prudential grounds. Dkt. Nos. 59, 64. The Court directed First Databank to file a motion to stay (Dkt. No. 66), which Exeltis timely opposed (Dkt. No. 67).

**II.     ANALYSIS**

First Databank makes two arguments in support of its request for a stay. First, it argues that "[b]ecause the issues now before the Ninth Circuit are the very same issues that Exeltis seeks to proceed on in discovery in this Court, the Court no longer has jurisdiction to proceed on them, as the notice of appeal conferred that jurisdiction on the Court of Appeals." Dkt. No. 66 at 5. Defendant contends this is so because "the primary issues involved in the appeal—whether First Databank's speech is commercial and whether it is false—are threshold issues that go directly to the viability of all of Exeltis's claims including the federal Lanham Act claim." *Id.* at 4. Second, First Databank argues that even if the Court retains jurisdiction, a stay of all proceedings "would serve the interests of fairness and judicial efficiency." *Id.* at 9. The Court addresses each argument in turn.

**A.     The Court Retains Jurisdiction Over the Lanham Act Claim, Because That Claim is Not the Subject of First Databank's Appeal**

The parties do not dispute, and the Court agrees, that First Databank's appeal of the denial of the motion to strike divested the Court of jurisdiction to proceed as to the state law claims that were the subject of that motion. The contested question is whether that divestiture extends to Exeltis's federal Lanham Act claim, which survived a motion to dismiss under Rule 12(b)(6). The Court finds that it does not.

1    "[A]n appeal of an interlocutory order does not ordinarily deprive the district court of jurisdiction except with regard to the matters that are the subject of the appeal." *Britton v. Co-op Banking Group*, 916 F.2d 1405, 1412 (9th Cir. 1990). This means that "the filing of a notice of interlocutory appeal divests the district court of jurisdiction over the *particular issues* involved in that appeal." *City of Los Angeles v. Santa Monica Baykeeper*, 254 F.3d 882, 886 (9th Cir. 2001) (emphasis added).

In holding that the denial of an anti-SLAPP motion is immediately appealable in federal court, the Ninth Circuit has found that the collateral order doctrine applies because an appeal from such a denial will "resolve an important issue completely separate from the merits of the action." *Makaeff v. Trump Univ., LLC*, 736 F.3d 1180, 1184 (9th Cir. 2013) (citing *Batzel v. Smith*, 333 F.3d 1018, 1024-26 (9th Cir. 2003) and *Will v. Hallock*, 546 U.S. 345, 349 (2006)). The Ninth Circuit has reasoned that "while the inquiry may glance at the merits, its central purpose is to provide an added statutory protection from the burdens of litigation that is unavailable during the ultimate merits inquiry." *Makaeff*, 736 F.3d at 1185.

These precedents compel the Court to reject First Databank's argument that because the state law and Lanham Act claims involve related underlying "primary issues," the anti-SLAPP appeal divests the Court of jurisdiction over a federal claim it has found to be adequately pled under the Federal Rules of Civil Procedure. First Databank expressly contends that the *substantive* overlap as to the *merits* of the state and federal claims requires complete divestiture of jurisdiction over those merits issues. *See* Motion at 5 (arguing that "[u]ltimately, if the Court of Appeals agrees with First Databank that as a matter of law its speech is non-commercial or that the speech is not false, not only will Exeltis's state law claims fail, but its Lanham Act claim will also necessarily fail"). First Databank's argument only heightens the Court's concern that application of the anti-SLAPP mechanism in federal court in this manner would inevitably conflict with the comprehensive regime set out in Rules 12 and 56 for assessing when and how a claim may proceed. *See Makaeff*, 736 F.3d at 1188 (Watford, J., dissenting from denial of rehearing en banc) (stating that "California's anti-SLAPP statute conflicts with Federal Rules 12 and 56" because "[t]aken together, those rules establish the exclusive criteria for testing the legal and factual

3

sufficiency of a claim in federal court"); *Abbas v. Foreign Policy Group, LLC*, 783 F.3d 1328, 1334 (D.C. Cir. 2015) (finding that special motion to strike provision of D.C. Anti-SLAPP Act did not apply in federal court, because it "conflicts with the Federal Rules by setting up an additional hurdle a plaintiff must jump over to get to trial").

In essence, First Databank argues that substantive overlap as to the merits of the state and federal claims entitles it to do via an interlocutory anti-SLAPP appeal what it undisputedly could not do under the Federal Rules: indefinitely deprive the Court of jurisdiction to move forward in any way on a federal claim that has survived a motion to dismiss. Put another way, under First Databank's theory, Exeltis's right to pursue its live federal claim in federal court is subordinated to First Databank's state law rights to an interlocutory appeal and a stay of the California law claims under the anti-SLAPP mechanism. No case cited by First Databank has found divestiture warranted where the district court denied a motion to strike state law claims that were pled in the same complaint as a surviving federal claim, and the Court declines to do so here. *Cf. Planned Parenthood Fed'n of Am., Inc. v. Center for Medical Progress*, No.16-cv-00236-WHO, 2016 WL 8607505 at *1 (N.D. Cal Dec. 22, 2016) (appeal of anti-SLAPP denial did not divest district court of jurisdiction over remaining federal claims, notwithstanding "overlapping nature" of those claims and appealed state law claims); *Tanedo v. E. Baton Rouge Parish Sch. Bd.*, No. LA CV10-01172 JAK (MLGx), 2011 WL 13101417 at * 2 (C.D. Cal. Oct. 24, 2011) (appeal of anti-SLAPP denial divested district court of jurisdiction over state law claims, but not federal claims). The Court thus finds that it is not divested of jurisdiction to proceed with regard to the surviving Lanham Act claim.

**B.    A Complete Stay of All Proceedings is Not Warranted for Prudential Reasons**

The Court also declines to exercise its discretion to enter the stay First Databank requests. In deciding whether to grant a stay pending appeal, the Court must consider the following four factors: (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether the issuance of a stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies. *Nken v. Holder*, 556 U.S. 418, 434 (2009); *see also Planned*

4

*Parenthood*, 2016 WL 8607505 at *1 (applying *Nken*).  The Court finds that the second, third and fourth factors are dispositive, and warrant denial of the requested stay.  First Databank contends that "absent a stay, [it] will be forced to take part in costly and time-consuming discovery that may ultimately prove to be unnecessary, which has been found to be irreparable harm."  Motion at 8, n.4.  But participating in discovery is not a "harm" at all:  it is the routine consequence of the denial of First Databank's motion to dismiss the Lanham Act claim.  Moreover, the Court agrees that a blanket stay would substantially prejudice Exeltis by delaying for months (or even years) its ability to develop the evidence relevant to its Lanham Act claim.  Even if that claim might not proceed to summary judgment or trial before the conclusion of the appeal (and the Court does not need to decide at this stage whether it may or should), staying all discovery until the appeal is resolved would guarantee substantial additional delay following remand, because the parties would have to conduct all discovery from the beginning at that point.  Finally, the public interest is served by moving forward promptly with discovery on the Lanham Act claim, to facilitate a timely resolution of that claim in an eventual summary judgment proceeding or trial, or via a negotiated resolution.  Accordingly, First Databank's motion to stay on this ground is also denied.

## III.  CONCLUSION

A further case management conference is set for Tuesday, March 20, 2018 at 2:00 p.m.  The parties do not need to file any further joint case management statement.  However, the parties are ORDERED to meet and confer in advance of the hearing to discuss an approach and timetable for implementing a discovery plan consistent with this order.

**IT IS SO ORDERED.**

Dated: March 5, 2018

*Haywood S. Gilliam Jr.*
HAYWOOD S. GILLIAM, JR.
United States District Judge