UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EXELTIS USA INC., <br> Plaintiff, <br> v. <br> FIRST DATABANK, INC., <br> Defendant. | Case No. 17-cv-04810-HSG <br><br> **ORDER GRANTING IN PART AND DENYING IN PART ADMINISTRATIVE MOTION TO SEAL** <br><br> Re: Dkt. No. 35 |

Pending before the Court is the administrative motion to seal filed by Plaintiff Exeltis USA, Inc. ("Exeltis"). Dkt. No. 35. For the following reasons, the Court GRANTS IN PART and DENIES IN PART the motion.

## I. LEGAL STANDARD

Courts generally apply a "compelling reasons" standard when considering motions to seal documents. *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010) (quoting *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006)). "This standard derives from the common law right 'to inspect and copy public records and documents, including judicial records and documents.'" *Id.* (quoting *Kamakana*, 447 F.3d at 1178). "[A] strong presumption in favor of access is the starting point." *Kamakana*, 447 F.3d at 1178 (quotation omitted). To overcome this strong presumption, the party seeking to seal a judicial record attached to a dispositive motion must "articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process" and "significant public events." *Id.* at 1178-79 (quotation omitted). "In general, 'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files might have

become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Id.* at 1179 (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)). "The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Id.*

The Court must "balance[] the competing interests of the public and the party who seeks to keep certain judicial records secret. After considering these interests, if the court decides to seal certain judicial records, it must base its decision on a compelling reason and articulate the factual basis for its ruling, without relying on hypothesis or conjecture." *Id.* Civil Local Rule 79-5 supplements the compelling reasons standard set forth in *Kamakana*: the party seeking to file a document or portions of it under seal must "establish[] that the document, or portions thereof, are privileged, protectable as a trade secret or otherwise entitled to protection under the law . . . The request must be narrowly tailored to seek sealing only of sealable material." Civil L.R. 79-5(b).

Records attached to nondispositive motions, however, are not subject to the strong presumption of access. *See Kamakana*, 447 F.3d at 1179. Because such records "are often unrelated, or only tangentially related, to the underlying cause of action," parties moving to seal must meet the lower "good cause" standard of Rule 26(c) of the Federal Rules of Civil Procedure. *Id.* at 1179-80 (quotation omitted). This requires only a "particularized showing" that "specific prejudice or harm will result" if the information is disclosed. *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210-11 (9th Cir. 2002); *see also* Fed. R. Civ. P. 26(c). "Broad allegations of harm, unsubstantiated by specific examples of articulated reasoning" will not suffice. *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992) (quotation omitted).

**II. DISCUSSION**

Plaintiff seeks to seal portions of Plaintiff's Opposition to Defendant's Motion to Dismiss, as well as Exhibit G to the Declaration of Benjamin Mundel. Plaintiffs' proposed redactions to Plaintiff's Opposition to Defendant's Motion to Dismiss indicate that they are contingent upon Defendant providing supporting argument for those portions sought to be redacted. *See* Dkt. No.

1  35-1 ¶ 5. Because Defendant has stated that it "does not seek continued sealing of the Brief or any
2  redaction to it," Dkt. No. 37 ¶ 4, the Court **DENIES** the sealing of any portion of Plaintiff's
3  Opposition. The Court **DIRECTS** Plaintiff to file an unredacted, unsealed version of the
4  Opposition.

Exhibit G to the Declaration of Benjamin Mundel, referenced in Plaintiff's Opposition to Defendant's Motion to Dismiss, is more than tangentially related to the underlying cause of action, and the Court therefore applies the "compelling reasons" standard. The parties have provided a compelling interest in sealing portions of Exhibit G because it contains confidential business information relating to the operations of Defendant. *See Apple Inc. v. Samsung Elecs. Co., Ltd.*, No. 11-CV-01846-LHK, 2012 WL 6115623 (N.D. Cal. Dec. 10, 2012); *see also Agency Solutions.Com, LLC v. TriZetto Group, Inc.*, 819 F. Supp. 2d 1001, 1017 (E.D. Cal. 2011); *Linex Techs., Inc. v. Hewlett-Packard Co.*, No. C 13-159 CW, 2014 WL 6901744 (N.D. Cal. Dec. 8, 2014). The parties have identified portions of the unredacted versions of motions and exhibits as containing confidential business information; the Court finds sufficiently compelling reasons to grant the motion to file Exhibit G under seal. The Court therefore **GRANTS** Plaintiff's motion to file Exhibit G under seal. The unredacted document, Dkt. No. 35-6, will remain sealed.

**IT IS SO ORDERED.**

Dated: 9/10/2018

HAYWOOD S. GILLIAM, JR.
United States District Judge