UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EXELTIS USA INC., <br> Plaintiff, <br> v. <br> FIRST DATABANK, INC., <br> Defendant. | Case No. 17-cv-04810-HSG <br><br> **ORDER DENYING MOTIONS TO FILE UNDER SEAL** <br><br> Re: Dkt. Nos. 148, 156 |

Currently before the Court are two administrative motions to file under seal by Plaintiff Exeltis USA Inc. The administrative motions were filed in connection with Exeltis's motion for leave to file an amended complaint, Dkt. No. 149, which the parties have since stipulated to allowing, Dkt. No. 158. For the following reasons, the Court **DENIES** the motions to file under seal.[1]

## I. LEGAL STANDARD

Courts generally apply a "compelling reasons" standard when considering motions to seal documents. *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010) (quoting *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006)). "This standard derives from the common law right 'to inspect and copy public records and documents, including judicial records and documents.'" *Id.* (quoting *Kamakana*, 447 F.3d at 1178). "[A] strong presumption in favor of access is the starting point." *Kamakana*, 447 F.3d at 1178 (quotation omitted). To overcome this strong presumption, the party seeking to seal a judicial record attached to a dispositive motion must "articulate compelling reasons supported by specific factual findings that

---

[1] The Court finds this matter appropriate for disposition without oral argument and the matter is deemed submitted. *See* Civil L.R. 7-1(b).

outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process" and "significant public events." *Id.* at 1178–79 (quotation omitted). "In general, 'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Id.* at 1179 (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)). "The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Id.*

The Court must "balance[] the competing interests of the public and the party who seeks to keep certain judicial records secret. After considering these interests, if the court decides to seal certain judicial records, it must base its decision on a compelling reason and articulate the factual basis for its ruling, without relying on hypothesis or conjecture." *Id.* Civil Local Rule 79-5 supplements the compelling reasons standard set forth in *Kamakana*: the party seeking to file a document or portions of it under seal must "establish[] that the document, or portions thereof, are privileged, protectable as a trade secret or otherwise entitled to protection under the law . . . The request must be narrowly tailored to seek sealing only of sealable material." Civil L.R. 79-5(b).

Records attached to nondispositive motions, however, are not subject to the strong presumption of access. *See Kamakana*, 447 F.3d at 1179. Because such records "are often unrelated, or only tangentially related, to the underlying cause of action," parties moving to seal must meet the lower "good cause" standard of Rule 26(c) of the Federal Rules of Civil Procedure. *Id.* at 1179–80 (quotation omitted). This requires only a "particularized showing" that "specific prejudice or harm will result" if the information is disclosed. *Phillips v. Gen. Motors Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2002); *see also* Fed. R. Civ. P. 26(c). "Broad allegations of harm, unsubstantiated by specific examples of articulated reasoning" will not suffice. *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992) (quotation omitted).

**II.  DISCUSSION**

Exeltis moved to file under temporary seal portions of its motion, reply, declaration, and

the proposed amended complaint that had been designated as confidential under the protective order. *See* Dkt. Nos. 148, 156. First Databank submitted a declaration in support of sealing these materials permanently, asserting that publication would "hamper [its] ability to exercise its independent editorial judgment" and "harm [its] competitive position." *See* Dkt. No. 151.

The Court applies the good cause standard because the materials are attached to a nondispositive motion. However, these broad and unsubstantiated allegations of harm are insufficient to meet even the good cause standard. The information sought to be sealed refers to First Databank's internal and third-party communications, but it does not discuss any trade secrets, commercially sensitive information, or other protected personal information. Accordingly, the Court **DENIES** the motions to file under seal. *Cf.* Dkt. No. 145 (order by Magistrate Judge Kim denying motions to seal).

## III. CONCLUSION

Exeltis's motions to file under seal are **DENIED**. Dkt. Nos. 148, 156. Exeltis shall file unredacted versions of the amended complaint and the documents that were sought to be sealed within three days of this order.

**IT IS SO ORDERED.**

Dated: 5/28/2019

_____
HAYWOOD S. GILLIAM, JR.
United States District Judge