1  THOMAS R. BURKE (State Bar No. 141930)
       thomasburke@dwt.com
2  DAVIS WRIGHT TREMAINE LLP
   505 Montgomery Street, Suite 800
3  San Francisco, California 94111-6533
   Telephone:  (415) 276-6500
4  Facsimile:    (415) 276-6599

5  JONATHAN R. DONNELLAN (pro hac vice)
       jdonnellan@hearst.com
6  RAVI V. SITWALA (pro hac vice)
       rsitwala@hearst.com
7  SARAH S. PARK (pro hac vice)
       Sarah.Park@hearst.com
8  NATHANIEL BOYER (pro hac vice)
       Nathaniel.Boyer@hearst.com
9  **THE HEARST CORPORATION**
   300 West 57th Street
10 New York, New York 10019-3792
   Telephone: (212) 841-7000
11 Facsimile:  (212) 554-7000

12 Attorneys for Defendant
   FIRST DATABANK, INC.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**OAKLAND DIVISION**

| | |
|---|---|
| EXELTIS USA, INC., <br><br> Plaintiff, <br><br> vs. <br><br> FIRST DATABANK, INC., <br><br> Defendant. | Case No. 4:17-cv-04810-HSG <br><br> **DEFENDANT'S NOTICE OF UNOPPOSED MOTION AND MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION; MEMORANDUM OF POINTS AND AUTHORITIES** |

**TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that, pursuant to Civil Local Rule 7-9, Defendant First Databank, Inc. hereby moves this Court for an order granting it leave to move for reconsideration of this Court's June 1, 2020 Order granting in part and denying in part the motions to seal, see ECF No. 207 (the "Ruling"), as it relates to Exhibit 36 to the Declaration of Benjamin M. Mundel in Support of Plaintiff's Opposition to the Motion for Summary Judgment ("Exhibit 36")[1], and granting Plaintiff Exeltis USA, Inc., leave to file Exhibit 36 under seal, with the direction that Plaintiff publicly file a version of Exhibit 36 with "text that contains proprietary business information identifying Defendant's customers" redacted, *see generally* ECF No. 207.

As explained in the accompanying memorandum, this motion is presented to resolve what appears to have been an administrative error while allowing propriety business information to be sealed as contemplated by the Ruling. Plaintiff does not oppose this motion.

DATED: June 8, 2020

DAVIS WRIGHT TREMAINE LLP
THOMAS R. BURKE

THE HEARST CORPORATION
JONATHAN R. DONNELLAN
RAVI V. SITWALA

By:      s/ Ravi V. Sitwala
            Ravi V. Sitwala

Attorneys for Defendant
FIRST DATABANK, INC.

---

[1] Appended to this motion is a copy of the document that Plaintiff served on Defendant as Exhibit 36, with customer's identifying information redacted as proposed by Defendant.

## MEMORANDUM OF POINTS AND AUTHORITIES

1. In connection with its opposition to Defendant's motion for summary judgment, Plaintiff represented that it intended to file Exhibit 36 provisionally under seal because Defendant "has designated [the document] confidential under the PO." ECF No. 179, at 4. Plaintiff served Defendant with an unredacted copy of Exhibit 36 at the time of the filing. Defendant then submitted declarations supporting a request to seal Exhibit 36, but only the "[t]ext [in Exhibit 36] that identifies First Databank customers," as that information is proprietary business information. ECF No. 184, at 3, *see also* ECF No. 185. This same issue—the identity of First Databank's customers—is presented in many emails that Plaintiff submitted with its opposition, and Defendant's limited sealing request applied uniformly to all such documents.

2. In its Ruling, the Court generally agreed that Defendant had provided a sufficient basis to support the sealing of "text that contains proprietary business information identifying Defendant's customers," *see generally* ECF No. 207, and ordered the parties to submit 30 documents with such information redacted. Those redacted documents are being filed today, as directed by the Court.

3. However, the Court denied Defendant's sealing requests as it concerns Exhibit 36—not because it disagreed with Defendant's position, it appears—but rather because "[n]o public or sealed version of the document [was submitted] for review." *See* ECF No. 207, at 12.

4. Earlier today, Defendant's counsel asked Plaintiff's counsel whether Exhibit 36 was ever filed with the Court. Plaintiff's counsel believes it was filed, but was unable to confirm that it was in fact filed. Defendant, who was served with Exhibit 36 and has litigated these motions on the assumption that the document was filed, has no objection to Exhibit 36 being considered in connection with Plaintiff's opposition (without waiving any and all arguments and evidentiary objections concerning the relevance, probity, or admissibility of the document, of course).

5. To correct what appears to have been an administrative error while allowing for propriety business information to be filed under seal as contemplated by the Ruling, Defendant hereby requests that the Court grant Plaintiff leave to file Exhibit 36 under seal, with the direction that Plaintiff publicly file a version of Exhibit 36 with "text that contains proprietary business information identifying Defendant's customers" redacted. *See generally* ECF No. 207.

6. Defendant does not believe Exhibit 36 is in any way "material," and thus cannot represent that this motion presents a "material difference in fact . . . from that which was presented to the Court before" its Ruling, *see* Local Rule 7-9(b)(1), presents "new material facts," *see* Local Rule 7-9(b)(2), or that there was a "[a] manifest failure by the Court to consider material facts," *see* Local Rule 7-9(b)(3). But, as noted above, Defendant understands that Plaintiff intended to have Exhibit 36 considered by the Court, was served with a copy, and asks only that the propriety business information reflected in Exhibit 36 be redacted consistent with the Court's Ruling.

7. Defendant has acted diligently in bringing this motion, as it is being filed within seven days of the Ruling, and concurrently with the parties filing all other unredacted and redacted material with the Court as directed by the Ruling.

DATED: June 8, 2020

DAVIS WRIGHT TREMAINE LLP
THOMAS R. BURKE

THE HEARST CORPORATION
JONATHAN R. DONNELLAN
RAVI V. SITWALA

By:   *s/ Ravi V. Sitwala*
             Ravi V. Sitwala

Attorneys for Defendant
FIRST DATABANK, INC.